UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GREGORY BYNUM,

    *Plaintiff*,

       -against-

ONE JANE DOE, et al.,

    *Defendants*.
----------------------------------X

**MEMORANDUM & ORDER**

16-CV-6332(KAM)(ST)

**MATSUMOTO, United States District Judge**:

      Plaintiff Gregory Bynum ("Bynum" or "plaintiff"), proceeding *pro se* while incarcerated on a conviction unrelated to this lawsuit, initiated the instant 42 U.S.C. § 1983 action on November 9, 2016, against unnamed police officers and their supervisors, alleging deprivations of his constitutional rights during a stop and subsequent arrest on May 5, 2013, and prosecution on an unspecified criminal charge.[1] (*See* ECF No. 1-1, Civil Cover Sheet at 3.)[2] Bynum named a number of defendants including six John and Jane Doe officers of the New York Police Department's ("NYPD") 79th Precinct, the City of New York, the NYPD, the prosecuting District Attorney's office, and the Civil Service Commission. (*Id*.) Plaintiff amended his complaint, on November 30, 2016, and named as defendants the six John and Jane

---

[1] According to the Amended Complaint ("Am. Compl."), Bynum was subsequently released and the charge was adjourned in contemplation of dismissal. (Am. Compl. at 6; s*ee also* ECF No. 46, Notice of Change of Address.)
[2] For plaintiff's filings, the court refers to pagination as delineated by the electronic case filing system.

Doe officers once again, a supervisory sergeant, the Brooklyn District Attorney's office, and the prosecuting Assistant District Attorney. (*See* ECF No. 8, Am. Compl.) On April 24, 2017, the court granted Bynum's motion for leave to proceed *in forma pauperis* ("IFP") and dismissed his claims for failure to state a claim pursuant to 28 U.S.C. §§ 1915 and 1915(A) as to all but the John and Jane Doe officer defendants. (*See* ECF No. 9, Order at 1-2.) The court also ordered Corporation Counsel for the City of New York, appearing for defendants, to "ascertain and provide the full names and service address(es) of the police officers involved in the alleged arrest" of plaintiff pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). (*Id.* at 14.)

After a number of extensions, (s*ee generally* ECF Nos. 11-18), the City eventually identified Officer Patrick Gordon, Sergeant Robert Holt, and Captain Roshan Patel as individuals involved in plaintiff's May 5, 2013 arrest. (See ECF No. 20.) The case caption was amended to include these defendants. (*See* Docket Order dated Aug. 7, 2017.)

Defendants now move this court to dismiss Bynum's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim. For the reasons discussed below, the court grants defendants' motion and finds that plaintiff's false arrest claim is barred by the

statute of limitations, and that his malicious prosecution claim fails as a matter of law.

**BACKGROUND**

Sometime around 11 p.m. or midnight, on May 5, 2013, Bynum was walking with a friend after having visited a nearby store when three unmarked police vehicles came to a screeching stop, surrounding Bynum and his friend.[3] (Am. Compl. at 5.) A female officer and her male partner quickly exited one of the vehicles and the partner demanded Bynum, "give [them] the beer can." (*Id.* at 5.) As this was happening, four more officers exited the other two vehicles and stood behind Bynum and his friend. (*Id.*) After plaintiff explained that he did not have a beer can, the male officer searched him—obtrusively, according to plaintiff. (*Id.*) He was then arrested, and arraigned on May 7, 2013. (*Id.*) At his arraignment, plaintiff's case was "adjourned contemplating dismissal" and eventually dismissed on November 6, 2013. (*Id.* at 6.) The records of plaintiff's arrest and prosecution were apparently sealed pursuant to N.Y. Crim. Proc. Law § 160.55 on November 7, 2013.

---

[3]  The Amended Complaint does not specify the date of plaintiff's arrest, but plaintiff's opposition to the instant motion to dismiss sets the date as May 5, 2013. (*See* Pl. Opp. at 1.)

3

**LEGAL STANDARD**

I.  **Sufficiency of the Pleadings**

Defendants move pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim. A plaintiff must plead facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not contain detailed factual allegations, but must contain more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" or "naked assertions" devoid of "further factual enhancement." *Id*. For motions under Rule 12(b)(6), the court assumes the truth of all facts asserted in the operative complaint and draws all reasonable inferences from those facts in favor of the non-moving plaintiff. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).

II. **Statute of Limitations**

Although "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove," a statute of limitations defense may be "raise[d] . . . in a pre-answer Rule 12(b)(6) motion if the defense appears on the face

4

of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). The limitations period for § 1983 actions arising in New York is three years. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (citing *Owens v. Okure*, 488 U.S. 235, 250-51 (1989)).

Though federal courts apply a state's statute of limitations for § 1983 claims, federal law determines when a § 1983 cause of action accrues. *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980); *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). The three-year statute of limitations applicable to § 1983 claims in New York begins to run when the plaintiff "knew or should have known of the discriminatory action." *Washington v. Cty. of Rockland*, 373 F.3d 310, 319 (2d Cir. 2004); *Covington v. City of New York*, 171 F.3d 117, 121 (2d Cir. 1999) ("[T]he time of accrual [is] that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action.").

At the time of filing his original complaint on November 9, 2016, plaintiff was incarcerated and proceeding *pro se*. That is relevant when considering the statute of limitations because under the so-called prison-mailbox rule, a *pro se* prisoner's § 1983 complaint is deemed filed when it is delivered to prison officials for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (citing *Houston*

*v. Lack*, 487 U.S. 266, 270 (1988)). When the date a prisoner handed his filings to prison officials is unclear, courts have looked to the date the complaint was signed, or the date of other documents filed along with the complaint. *See Lehal v. United States*, No. 13-CV-3923, 2015 WL 9592706, at *17 (S.D.N.Y. Dec. 29, 2015); *Mitchell v. Bell*, No. 04-CV-1490, 2006 U.S. Dist. LEXIS 102556, at *8-9 (N.D.N.Y. Aug. 29, 2006); *see also Kevilly v. Connell*, No. 06-CV-5672, 2009 U.S. Dist. LEXIS 22414, at *8 n.3 (E.D.N.Y. Mar. 19, 2009).

## **DISCUSSION**

The Clerk of Court received plaintiff's complaint on November 9, 2016 and entered the papers on the docket of the court's electronic case filing ("ECF") system. (*See* ECF No. 1, Compl.) To determine the date plaintiff actually filed his papers pursuant to the prison-mailbox rule, the court must consider when plaintiff delivered his papers to prison officials. Plaintiff's original complaint is unsigned. His contemporaneously received motion to proceed IFP is signed but the space for the date reads "Signed this 7th day of_____, 2016," with the space for the month left blank. (*See* ECF No. 2, IFP Mot. at 5.) In addition, Bynum's motion to appoint counsel, also contemporaneously received, bears the date November 7, 2016. (*See* ECF No. 3, Mot. Appoint Counsel at 5.) Therefore,

6

pursuant to the prison-mailbox rule, the court shall deem plaintiff's complaint filed on November 7, 2016.

### I. False Arrest Claim

Defendants argue that plaintiff's false arrest claim accrued on May 5, 2013, and thus his complaint filed on November 7, 2016 was untimely. (*See* Def. Mot. at 4; Def. Reply at 1.) Plaintiff responds that defendants are mistaken about his arrest date, but does not dispute that his arraignment for his alleged false arrest occurred on May 7, 2013, and that his arrest occurred sometime earlier. (*See* Am. Compl. at 6, 8; Pl. Opp. at 1-2, 4.)

Bynum's false arrest claim is clearly time-barred. Although § 1983 claims accrue when the plaintiff knows or has reason to know of the harm, *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001), there remains some inconsistency in Second Circuit authority as to exactly when a false arrest claim accrues. *See Singleton*, 632 F.2d at 191 (comparing points of accrual for false arrest claims under New York law and federal law). In *Singleton v. City of New York*, the Second Circuit found that a false arrest claim accrued on the date of arrest as that "was the time at which plaintiff knew of his injury arising from the alleged . . . false arrest." *Id.* Since *Singleton* was decided, however, the Supreme Court has held that the limitations period for false imprisonment and false arrest, a

species of false imprisonment, begins to run "when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007) (internal quotation mark omitted); *see also Lynch v. Suffolk Cty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2009). Applying *Wallace v. Kato*, the Second Circuit has held that "false imprisonment ends when 'the victim becomes held pursuant to legal process,'" *e.g.*, when he is arraigned on charges. *Lynch*, 348 F. App'x at 675 (quoting *Wallace*, 549 U.S. at 388-89). Given the Supreme Court's intervening decision in *Wallace*, the court finds that plaintiff's false arrest claim accrued on the date of his arraignment, May 7, 2013.

Thus, because plaintiff does not allege that a continuing violation or equitable tolling theory is applicable, nor could he, he had until May 7, 2016, at the latest, to bring his claim for false arrest.[4] As such, plaintiff's false arrest claim, filed on November 7, 2016, is untimely regardless of whether it accrued on May 5, 2013 or May 7, 2013, and is therefore dismissed with prejudice.

---

[4] Defendants assert that a three-year limitations period which began to run on May 5, 2013 would expire on May 4, 2016. (*See* Def. Reply at 2.) The court agrees that May 4, 2016 is the final day of a three-year period beginning on May 5, 2013, assuming May 5, 2013 is counted as the first day of the period. However, "when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period." *Mickens v. United States*, 148 F.3d 145, 148 (2d Cir. 1998) (citing Fed. R. Civ. P. 6(a)).

8

## II. Malicious Prosecution Claim

### A. Statute of Limitations

Defendants further argue that the limitations period for Bynum's malicious prosecution claim expired on November 5, 2016, and that this claim is thus untimely. (Def. Mot. at 4.) Plaintiff responds that, under the prison-mailbox rule, his complaint, filed November 9, 2016, was handed to prison officials at least two days prior, and likely by November 7, 2016. (Pl. Opp. at 2.)

As discussed above, the court finds that the prison-mailbox rule applies to plaintiff's complaint and yields a filing date, for limitations purposes, of November 7, 2016. The court further finds that Bynum's malicious prosecution claim would have accrued on November 6, 2013, the date his state prosecution was terminated. This would mean that the applicable three-year limitations period began to run on November 6, 2013 and that Bynum was required to file his complaint by November 6, 2016. However, because November 6, 2016 was a Sunday, Federal Rule of Civil Procedure 6(a)(1)(C) continues the limitations period "until the end of the next day that is not a Saturday, Sunday or legal holiday. Fed. R. Civ. P. 6(a)(1)(C); *see also Bejaoui v. City of New York*, No. 13-CV-5667, 2015 WL 1529633, at *15 n.13 (E.D.N.Y. Mar. 31, 2015). As such, the court finds that plaintiff's malicious prosecution claim was timely filed

9

under the prison-mailbox rule, because he handed his complaint to prison officials on November 7, 2016.

### B. Favorable Termination

Defendants argue that even if Bynum's malicious prosecution claim is timely, the adjournment in contemplation of dismissal ("ACD") in his underlying prosecution is not a favorable termination and thus he cannot prove an essential element of a malicious prosecution claim. (Def. Mot. at 4.) Plaintiff responds that his prosecution was favorably terminated and relies on N.Y. Crim. Proc. Law § 160.50, the criminal record sealing statute by which the records of his prosecution were sealed. (Pl. Opp. at 5.) The sealing statute provides that the record of a criminal action terminating in favor of the accused shall be sealed. N.Y. Crim. Proc. Law § 160.50(1). Plaintiff reasons that, because his records were so sealed, the proceedings must have been terminated in his favor. (Pl. Opp. at 5.)

Despite plaintiff's timely filing of his malicious prosecution claim, as discussed below, it is settled law in the Second Circuit that an ACD under N.Y. Crim. Proc. Law § 170.55 is not a favorable outcome for purposes of malicious prosecution claims. *Green v. Mattingly*, 585 F.3d 97, 103 (2d Cir. 2009); *see also Singleton*, 632 F.3d at 193. In order to state a malicious prosecution claim, a plaintiff must plead facts that

establish: "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)). As to the second element, authority in this Circuit clearly establishes that "'an adjournment in contemplation of dismissal is not considered to be a favorable termination.'" *Green*, 585 F.3d at 103 (quoting *Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir. 2001)); *see also Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002) (finding that "an 'adjournment in contemplation of dismissal,' *i.e.*, a conditional dismissal that becomes final 6-12 months thereafter . . . is not a favorable termination because it leaves open the question of the accused's guilt" (citations omitted) (citing N.Y. Crim. Proc. Law § 170.55(2))); *see also Murphy*, 118 F.3d at 948-49 (listing ACDs among state court dismissals deemed not to be favorable for purposes of malicious prosecution claim).

Moreover, plaintiff's argument relying on § 160.50 has already been considered and repudiated by the Second Circuit. *Singleton*, 632 F.2d at 193 ("Nor are we persuaded that [§ 160.50] . . . converts a dismissal under [§] 170.55 into an

11

acquittal or determination that the plaintiff was not guilty, which would permit him to sue for malicious prosecution.").

Bynum cannot satisfy the favorable termination element as a matter of law. *See Breen v. Garrison*, 169 F.3d 152, 153 (2d Cir. 1999) ("Because this was not a decision on the merits, an essential element of a cause of action for malicious prosecution, the district court did not err in dismissing [the plaintiff's] claim for malicious prosecution."). For the foregoing reasons, Bynum fails to state a malicious prosecution claim pursuant to § 1983. Accordingly, the court dismisses plaintiff's malicious prosecution claim as to all defendants.

Finally, the court finds that even if plaintiff were to identify the remaining John and Jane Doe defendants, his claims against them would fail for the same reasons discussed in this Order. Therefore, plaintiff's claims against those unidentified defendants are also dismissed.

## **CONCLUSION**

For the reasons set forth above, Bynum's complaint is dismissed in its entirety. The Clerk of Court is respectfully requested to enter judgment in favor of defendants, dismissing plaintiff's complaint in its entirety, and to close the case. The Clerk is also respectfully requested to mail a copy of this order, the judgment, and an appeals packet to plaintiff at his address of record, or such other address that the Clerk can

12

obtain with reasonable diligence. The court notes that the last mailing by the court was returned as undeliverable, and that plaintiff's listed address is apparently associated with a United States Post Office general delivery window. *See* Michael Wilson, *A Manhattan Post Office Is the Only Address Some People Have*, N.Y. Times, Sept. 5, 2014, at A16, https://www.nytimes.com/2014/09/06/nyregion/a-manhattan-post-office-is-the-only-address-some-people-have.html. Plaintiff is obligated to update the Clerk and the court of any change of address. *See Eason-Gourde v. Dep't of Educ.*, No. 14-CV-7359, 2014 WL 7366185, at *3 (E.D.N.Y. Dec. 23, 2014). Any notice of appeal to the Second Circuit must be filed with the Clerk of Court within 30 days after the judgment is entered. Fed. R. App. P. 4. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   March 19, 2019
         Brooklyn, New York

                                          /s/
                                   **Kiyo A. Matsumoto**
                                   United States District Judge